Sepehr Torabi
32563 Caminito Eastbluff #26
La Jolla, California 92037
Phone: 858-518-1515

**NUNC PRO TUNC**
**DEC - 7 2010**

FILED
2010 DEC -9 PM 2: 41
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

Plaintiff/Respondent,
Sepehr Torabi
In Propria Persona

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEPEHR TORABI,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, CHASE BANK NA; CITIBANK NA as trustee for WAMU 2004-AR9, WAMU 2004, DOES 1-25<br><br>Defendants. | Case No.: 09 CV 2838 JAH BLM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JP MORGAN CHASE BANK'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**<br><br>**PLAINTIFF REQUEST ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)(1)** |

Plaintiff, SEPEHR TORABI, respectfully submits the following Memorandum of Points and Authorities in opposition to Defendant J.P. Morgan Chase Bank's Motion to Dismiss Complaint.

## I.
## INTRODUCTION

On December 17, 2009, Plaintiff filed the instant Complaint for damages as well as injunction and declaratory relief against Defendants, who have foreclosed on Plaintiffs primary residence. Defendant J.P. Morgan Chase (hereinafter "Chase" or "Moving Defendant"), has filed this instant motion pursuant to F.R.C.P. 12 (b)(6). As shown below, Defendants motion lacks merit and should be denied in its entirety.

## II.

## ARGUMENT

Defendant, by its motion is requesting Plaintiff to prove his case at the pleading stage. Clearly that is not the law. In reviewing a Rule 12(b)(6) motion, the Court must accept as true all material allegations of the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. FDIC* (9th Cir.1998) 139. F3d 696,699. The question of Plaintiffs ability to prove his allegations or possible difficulties in making such proof, is generally of no concern in ruling on a 12(b)(6) motion. *Nami v. Fauver* (3rd Cir.1996), 82 F3d 63. As amply demonstrated below, Plaintiff in his complaint adequately alleged facts sufficient to state valid claims. Accordingly, Defendants motion to dismiss should be denied in its entirety.

In its Memorandum in Support of the instant motion to dismiss, (page 2, ¶2) Defendant asserts that Plaintiffs complaint is without merit and simply an attempt to remain in the subject property without paying for it. Plaintiff submits that he has demonstrated his ability to pay his mortgage and has properly plead in his complaint, (page 7, ¶¶ 31-32), that he has the ability to pay his mortgage. Plaintiff respectfully submits, that this is not a "hardship" case, rather a case in which Plaintiff alleges that he was purposely led down a path to foreclosure by Defendants and each of them. Additionally, in its Memorandum in Support of the instant motion to dismiss, (page 2, ¶3) Defendant asserts that it is exempt from any liabilities from its acquisition of assets from Defendant

Washington Mutual. Plaintiff asserts that through its own caption to the pleadings filed in this case Defendant has admitted that it has acquired "Certain Assets and Liabilities of Washington Mutual"

Defendants caption (Page 1, lines 7-9), read as follows: "Attorneys for Defendants, JPMORGAN CHASE BANK, N.A. FOR ITSELF AND AS AN ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM THE FDIC ACTING AS RECEIVER"

Notwithstanding the above, contained in Plaintiffs complaint, (Pages 6-9, ¶¶ 27-44), are allegations which go directly to the conduct of Defendant Chase post acquisition of Washington Mutual's assets and liabilities resulting from their own fraudulent "loan modification" scheme.

Plaintiff has further alleged that the defendant's negligence and or fraud in the handling his loan and the modification is apparent by not only the untenable time constraints plaintiff was put under but are revealed in the manner Wamu/Chase conducting themselves during the period loan modifications were allegedly in process. Wamu/Chase's loan modification department which provided constant reassurances to plaintiff that no foreclosure action would be pursued until the modification process had been completed either failed to contact or communicate with the trustee with the result that the careless handling was a direct cause of plaintiff's loss of his primary residence at a time when defendant's new plaintiff had the ability to cure and the subject property maintained a substantial positive equity.

The intentional or negligent confusing or misleading manner in which they have conducted themselves continue to be their favored business model. This model extents not only to the internal handling of Plaintiff's matter but carries over to their chosen representative who falsely, confusingly or mistakenly:

1) Use the wrong case number.(See Defendants Caption as set out in its Notice of Motion and Motion to Dismiss Complaint

2) Requests plaintiff Antonio Acevedo ("Plaintiff") case be dismissed.
( See Defendant's Memorandum of Points and Authorities Page 2 Lines 13-16. Defendant's Memorandum of Points and Authorities Page 1 Line 6.) Real Party in interest Plaintiff Sepehr hereby asserts that he is the sole plaintiff in the current matter. Plaintiff herein also asserts that defendant's referral to Mr. Aceveda as a plaintiff against whom defendant's have also filed a 12(b) motion to dismiss against in this matter represent plaintiff Sepehr Torabi's first notice of this additional plaintiff. Therefore, should

such a plaintiff exist in this matter plaintiff Sepehr Torabi requests that he be allowed to respond to any filings or evidence submitted on or against Mr. Aciveda that may be submitted herein. Should no such person be involved herein this confusing addition of Mr. Aceveda is consistent with the manner defendant's have conducted themselves and defendant's should be held accountable for the careless manner in which they seek to convince the court this case should be dismissed..

3) Falsify their statement of facts and claim "On or about May of 2004, Plaintiff obtained a loan in the sum of $375,000 from WaMu("Loan"). Complaint ¶21-23. The Loan was secured by a deed of trust ("First Deed of Trust") encumbering the 410 Kehoe Avenue, Half Moon Bay, San Mateo County,California (the "Subject Property"), Complaint ¶27." Defendant's Memorandum of Points and Authorities Page 2 Lines 13-16. Plaintiff's asserts the property in question which consist of his primary residence is located at 3253 Caminito Eastbluff #26, La Jolla, CA. Further, the address defendant's claim plaintiff used as Security for the loan in question represents an address unknown to Plaintiff Torabi. As such Defendant's claim plaintiff's loan is secured by real estate located in San Mateo represents the first notice plaintiff Torabi of this fact. As such Plaintiff would ask leave to amend his complaint or this response if the court should determine plaintiff was fraudulently recorded as the owner of the San Mateo property or should the loan in dispute be secured by the San Mateo Property.

4) Defendant's also seem to have a duality it refuses to acknowledge. Defendant on one hand tells the court "... while Plaintiff might be able to maintain claims against the FDIC-Receiver for actions taken by Washington Mutual arising out of the alleged agreement to modify the subject loan or for alleged non-disclosures and purported fraudulent lending practices, Plaintiff

cannot maintain these claims against JP Morgan. Defendant's Memorandum of Points and Authorities Page 4-5 Lines 27-2. However, defendant's have already their role as receiver in this matter and therefore are the proper party to bring suit against. See Defendants .Notice of Trial Counsel On File Herein Page 2Lines 3-6, in which counsel for the defense has informed the court " . . the law firm of Adorno Yoss Alvarado & Smith, counsel of record for defendant JP Morgan Chase Bank, NA for itself and as an acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as Receiver..

Defendant's inclusion of the above false , misleading and confusing facts should be sufficient to deny defendant's request for dismissal under rule 12(b).

Unfortunately defendant's fraudulent and/or negligent handling of plaintiff's loan as well as the current 12(b) motion on file herein is not an anomaly.  Recent news articles indicate defendant's have halted ongoing foreclosures, led to a recent class actions being filed against defendant's in the Norther District of California, and resulted in the shocking confession by  JP Morgan Chase employee Beth Ann Cortell stating tale of how she and her team signed off on about 18,000 foreclosures per month without checking if they were justified. how she and her team signed off on approximately 18,000 foreclosures (Request for Judicial Notice of See Attached Article Washington Post Dated November 9, 2010;  Chicago Business Wire December 3, 2010).

These systemic negligence and fraud  JP Morgan utilized in its desire to foreclosure upon innocent homeowners has led industry analyst to declare  the "defects" seen in foreclosure documents at J.P. Morgan are industry-wide. (Request for Judicial Notice of See Attached Articles from Washington Post Dated November 9, 2010; Chicago Business Wire December 3, 2010).

## A.
## F.R.C.P. 12(B)(6) PLAINTIFF HAS STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The facts and circumstances that have given rise to Plaintiffs action against Defendant Chase are contained in Plaintiffs Complaint (¶¶ 10-44). By invoking F.R.C.P. 12(b)(6), Defendant is suggesting that Plaintiff's factual allegations must be taken as true for the purpose of the court ruling on the motion.

Since Defendant's motion does not replace a trial, real and factual issues based on circumstantial evidence and prior conclusion should be drawn favorably for the Plaintiff. Since there are matters outside the complaint allegations, then this motion could be viewed as a "Summary Judgment".

This issue is set forth by a Rule of law of F.R.C.P. 12(b)(6) which states, if, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

This fact helps to prove that when considering Defendant's motion, the Court must construe the factual allegations in the light most favorable to Plaintiff with all doubts resolved in the pleaders favor and the allegations taken as true. The purpose of Plaintiff's Complaint was to give Defendant fair notice of Plaintiff's claimed and the rule of law for basing the argument.

With regard to Fed. Rule Civ. P 12(b)(6), court should dismiss a suit under FRCP 12(b)(6) <u>only</u> if it appears " beyond doubt that the Plaintiff can prove no set of facts in support of his claim that entitled him to relief". Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-48 (1957)).

The purpose of a motion to dismiss under FRCP 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief. It is <u>not</u> a procedure for resolving a contest about the facts or the merits of the case, <u>5A Wright & Miller, Federal Practice and Procedure</u> § 1356 (West 1990). A Rule 12(b)(6) motion allows a Defendant to challenge the legal sufficiency of a complaint without subjecting itself to discovery. <u>Rutman Wine Co. v. Ernest and Julio Gallo Winery</u>, 829 F.2d 729 (9th Cir. 1987). In reviewing the sufficiency of the complaint, the issue is not whether the Plaintiff will ultimately prevail but whether the Plaintiff is entitled to offer evidence to support the claims asserted. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

Such a motion is viewed with disfavor and is rarely granted. <u>Hall v. City of Santa Barbara</u>, 833 F.2d 1270, 1274 (9th Cir. 1986), cert. denied, 485 U.S. 940 (1988). Only where the pleading under attack fails to meet the liberal requirement of Rule 8(a) for a short and plain statement of the claim showing that the pleader is entitled to relief would the pleading be subject to dismissal under Rule 12(b)(6). 5A Wright & Miller, Federal Practice and Procedure § 1356 (West 1990).

The rule also states that a dismissal under failure to state a claim upon which relief can be granted would have to be "treated as one for summary judgment", and "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56" as stipulated in Fed Rules Civ. Procedure, Rule 12(b).

Thus, in the absence of Plaintiff having the opportunity to present sworn affidavits as well as the opportunity to conduct some kind of discovery against Defendants and to request admissions and conduct interrogatories, Plaintiff reaches the conclusion that justice will not be served based on the notion that the Fourteenth Amendment to the Constitution which requires that Plaintiff be allowed his due process rights to prove these claims by a preponderance of the evidence. Plaintiff has the legal right, and a moral duty, according to the constitution and the 7th amendment to present his evidence to a jury and let them decide the outcome based on the finding of fact and the principle of equality and fundamental fairness.

A Rule 12(b)(6) motion is similar to the common law demurrer in that it tests the legal sufficiency of the complaint. The Court must decide whether the facts alleged, if true, would entitle Plaintiff to some form of legal remedy.

Unless the answer is unequivocally "no", then the motion must be denied, <u>Conley v. Gibson</u> (1957) 355 U.S. 41, 45-46, 78 S. Ct. 99, 102; <u>De La Cruz v. Tomey</u> (9th Cir. 1978) 582 F.2d 45,48; <u>SEC V. Cross Financial Services, Inc</u> (CD CA 1995) 908 F. Supp. 718, 726-727 (quoting text); <u>Beliveau v. Caras</u> (CD CA 1995) 873 F. Supp. 1393, 1395 (Citing text); <u>United States v. White</u> (CD CA 1995) 893 F. Supp. 1423, 1428 (Citing text).

Thus, a Rule 12(b)(6) dismissal is proper only where there is a either a "lack of cognizable legal theory" or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistrei v. Pacifica Police Dept</u>. (9TH Cir. 1990) 901 F.2d 696, 699; <u>Graehling v. Village of Lombardi, III</u> (7th Cir. 1995) 58 F.3d 295, 297, "a suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim" <u>Hearn v. R.J. Reynolds Tobacco Co.</u> (D AZ 2003) 279 F. Supp. 2d 1096, 1101 (citing text).

In resolving a Rule 12(b)(6) motion, the Court must (a) construe the complaint in the light most favorable to the Plaintiff, (b) accept all well pleaded factual allegations as true, (c) determine whether Plaintiff can prove any set of facts to support a claim that would merit relief (see ¶ 9:213 *ff.*). <u>Cahill v. Libety Mutual Insurance Co.</u> (9th Cir. 1996) 80 F.3d 336, 337-338; <u>Vector Research Inc. v. Howard & Howard Attorneys P.C.</u> (6th Cir. 1996) 76 F3d 692, 697. For the purposes of Rule 12(b)(6) the term "claim" means a set of facts which, if established, gives rise to one or more enforceable legal rights. <u>Goldstein v. North Jersey Trust Co.</u> (SD NY 1966) 39 FRD 363, 366; In re, <u>Baker</u> (BC D NV 1986) 66 br 652, 653.

**B.**

**PLAINTIFFS FIRST CAUSE OF ACTION FOR TILA REPSA AND UNFAIR DEBT COLLECTION PRACTICES VIOLATIONS ARE VALIDLY PLEAD.**

Contrary to Defendants assertion, Plaintiff is not seeking rescission for TILA, RESPA AND UNFAIR DEBT COLLECTION PRACTICES violations on his first three causes of action are amply supported by the Background History, Introduction and statement of Facts contained within Plaintiff's complaint  These sections of Plaintiff's complaint not only document factual the prior misdeeds of Wamu but list the numerous acts that JP Morgan Chase, acting as the receiver for the FDIC, committed during their alleged loan modification and foreclosure process.  Defendant's admit WAMU was placed into receivership in 2008.  Acting as the receiver defendant's acknowledge plaintiff's right to pursue claims against such an entity.

Defendants claim that foreclosure and the process of foreclosure is not an action to collect a debt is absurd and void of merit whatsoever. When you contact Defendants "loan modification" dept. the first thing you hear is a recording informing you that: "we are attempting to collect a debt any information provided will be used for that purpose"

Further, Plaintiff's allegations as set out in these sections contain more recent actions conducted directly under Defendant's watch and at a time subsequent to their assumption of control of plaintiff's mortgage.  Further, the doctrine of Equitable tolling should apply in the instant matter as plaintiff had no way of knowing what if any violations of his rights had been committed as a borrower until a forensic review had been conducted of his loan documents. See, <u>King v. California</u> (9th Cir. 1986) 784 F.2d 910, which the Court held that in appropriate circumstances, the limitation period will be suspended until the Borrower discovers or had reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA action.

In his Third Cause of Action, Plaintiff is seeking damages for RESPA violations. Although it is true that damage claims are subject to a one-year statute of limitations, again, this period may be tolled on equitable grounds. See, <u>King v. California</u> (9th Cir.

1986) 784 F.2d 910, which the Court held that in appropriate circumstances, the limitation period will be suspended until the Borrower discovers or had reasonable opportunity to discover the fraud or non-disclosures that form the basis of the RESPA action.

The fraudulent and faulty actions of defendant's has not only been sufficiently plead but defendant's own recent admissions and almost nationwide halt of their ongoing foreclosures should also be taken into consideration by the court for the significance as they have a direct bearing on the injuries plaintiff alleges. Defendant's acknowledgment indicate the problems plaintiff has alleged are neither novel or an anomaly but represent Defendant's chosen business model. Accordingly, Defendants arguments of plaintiff's actions being time barred, or defective for want of sufficient factual pleading are misplaced and should be disregarded by the Court.

However, should the court rule in defendant's favor plaintiff requests leave to amend to allow Plaintiff the opportunity to allege facts showing why his damage claims are not barred by virtue of equitable tolling and to set forth additional facts sufficient to support the case at hand.

### C.

### DEFENDANT'S 12(B) MOTION AS IT PERTAINS TO PLAINTIFF'S STATE COURT CAUSES OF ACTION MUST FAIL

The Declaratory Judgment Act provides in pertinent part that, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). District courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." See Wilton v. Seven Falls Co., 515 U.S. 277, 283 (1995).

In deciding whether to exercise discretion under the Declaratory Judgment Act, a district court should consider factors which include avoiding (1) needless

determinations of state law issues; (2) suits filed by litigants as a means of forum shopping; and (3) duplicative litigation. Brillhart v. Excess Ins. Co. of Case 3:06-cv-02806-WQH-LSP    Document 16    Filed 06/13/2007    Page 3 of 5  (1942); see also Gov't Emples. Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998).

A court can also consider, "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems." Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 672 (9th Cir. 2005). Finally, a district court can consider the convenience of the parties and the availability and relative convenience of other remedies. Id. When parallel proceedings involving similar issues are pending at the time that a second action is filed, there is a presumption that the entire suit should be heard in the original forum. Gov't Emples., 133 F.3d at 1225; see also Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1366-67 (9th Cir.1991)

In the case at hand plaintiff detailed in those sections entitled "Background History", Jurisdiction, Parties Introduction, Application of Unique Law to this case is Warranted", and Statement of Facts the allegations necessary to support the remaining state causes of action. Further, it is clear the court has the jurisdictional authority to not only hear but rule on the entangled state courts of action. Given Plaintiff allegations are included in and referred to by reference to each of plaintiff's causes of action defendant's request that this matter be dismissed pursuant to rule 12(b) is without merit and should be denied. However, should additional factual allegations be required and defendant's motion be granted plaintiff respectfully request leave to amend.

## D.
## **CONCLUSION**

. As a pro se plaintiff I would ask the court in reviewing my complaint to liberally construe its contents and in so doing find plaintiff's causes of action as claimed to be sufficiently stated See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001). And hold the allegations contained therein are sufficient to at least allow this court to determine the non-conclusory factual content of plaintiff's complaint allows for the reasonable inferences from its content and is plausibly suggestive of a claim thereby entitling plaintiff to the relief as sought  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In so doing defendant's 12(b) motion should be denied and defendant ordered to answer in a reasonable time so that this matter may proceed.

In the alternative, should the court find [plaintiff's complaint deficient in some manner it is respectfully submitted plaintiff should be given leave to amend as no such amendment has either been sought or requested to date in this case..

Dated: December 6, 2010            By: _____
                                   Sepehr Torabi
                                   Plaintiff,/Respondent
                                   In Pro Se.

# EXIBITS

Justia.com | Lawyer Directory | Legal Answers | Law Blogs | Dockets & Filings | more ▼ | Sign In

 **Dockets & Filings** BETA

Party Name: Enter Party Name | Advanced Search
Filed In: California Nort... | Judge: Any | Case Type: All Types
Doc Filter: All Case Filings | Filed After: All Dates | Filed Before: Now

Justia > Dockets & Filings > California > California Northern District Court > Real Property > Foreclosure > Palma v. Washington Mutual Inc et al

# Palma v. Washington Mutual Inc et al 🔑

Share | Like

| | |
|---|---|
| **Plaintiff:** | Corazon Palma |
| **Defendants:** | Washington Mutual Inc and Bank of America N.A. |
| **Case Number:** | 5:2009cv03117 |
| **Filed:** | July 10, 2009 |
| **Court:** | California Northern District Court |
| **Office:** | San Jose Office [ Court Info ] |
| **County:** | Santa Clara |
| **Presiding Judge:** | Hon. Jeremy Fogel |
| **Referring Judge:** | Magistrate Judge Patricia V. Trumbull |
| **Nature of Suit:** | Real Property - Foreclosure |
| **Cause:** | 28:1331(a) Fed. Question: Real Property |
| **Jurisdiction:** | Federal Question |
| **Jury Demanded By:** | Plaintiff |

## Ask a Lawyer

**Question:**
Enter your question here. e.g., Do I need a bankruptcy lawyer?

Ask Question

## Legal Answers Leaders

 Gus M. Shihab Esq — Level 5 — 1032 Points — 38 Answers

Anthony J. Pietrafesa — Level 4 — 950 Points — 23 Answers

 J. Richard Kulerski Esq. — Level 4 — 781 Points — 21 Answers

Paul Overhauser — Level 4 — 552 Points — 16 Answers

Mr. Andrew T. Bodoh Esq. — Level 3 — 250 Points — 5 Answers

View More

**Lawyers - Get Points!**
Answer Questions and Get Featured Here

## Available Case Documents

The following documents for this case are available for you to view or download.

| Date Filed | # | Document Text |
|---|---|---|
| January 11, 2010 | 16 | 🔑 DEFAULT JUDGMENT. Signed by Judge Jeremy Fogel on 1/11/2010. (jflc2, COURT STAFF) (Filed on 1/11/2010) |

Last Document Downloaded: March 28, 2010 19:21:36 PDT

### Access additional case information on PACER

Use the links below to access additional information about this case on the US Court's PACER system. A subscription to PACER is required.
Access this case on the California Northern District Court's Electronic Court Filings (ECF) System

- Search for Party Aliases
- Associated Cases
- Attorneys
- Case File Location
- Case Summary
- Docket Report
- History/Documents
- Parties
- Related Transactions

## Recent Legal Answer

**Q:** Would I have a way to recovery some compensation if the driver of the truck that rear-ended me didn't have insurance?

**A:** The first thing is to verify that the owner/driver of the vehicle at fault had no insurance coverage for this incident. The Secretary of State may be a route to verify. If verified that the... [more] 

Answered by Robert D. Kreisman

**Lawyers - Answer Questions**
Get Your Answer Featured Here!

## Connect with Justia

Skip to main content

Get big discounts at over 1,200 online retailers.

| MAIL | You might also like: **BloggingStocks, WalletPop** and **More**    Sign In / Register | Search the Web

Get Quote  Search DailyFinance

**Enter ticker symbol, company or fund**

Tuesday, December 07, 2010

An AOL Money & Finance Site

Browse Securities

Main  Investing  Tech  Economy  Media  All Stories  Portfolios  Market News  Video  About Us  More    Help & Feedback

| DJIA | NASDAQ | S&P 500 | 10 yr Note | Gold (Feb) | Oil (Jan) | FTSE 100 | |
|---|---|---|---|---|---|---|---|
| 11,421.11 | 2,612.95 | 1,230.66 | 3.09% | 1,407.40 | 88.47 | 5,808.45 | |
| +58.92 | +18.03 | +7.54 | +0.16 | -8.70 | -0.91 | +36.17 | |
| +0.52% | +0.69% | +0.62% | +5.46% | -0.61% | -1.02% | +0.66% | |

# JPMorgan Chase to Delay Some Foreclosures to Review Documents

By DANNY KING Posted 7:06 PM 09/29/10 Company News, JP Morgan Chase, Real Estate, Credit
Comments Print Text Size A A A
| Email

JPMorgan Chase & Co. (JPM) will delay foreclosing on some properties in order to review affidavits that were signed by employees who didn't verify related files, making the company at least the second bank in recent weeks to suspend the foreclosure process on properties in order to better examine documents.

**Sponsored Links**

**Hottest Penny Stock Picks**
Penny Stock Picks with 100% Win Streak. Subscribe FREE and NEVER lose!
www.PennyStockProfessor.com

**Rich Dad Poor Dad San Diego**
Rich Dad Poor Dad Education FREE financial workshops Dec. 14th - 16th
www.richdadeducationseminars.com

**Hot Stock Celulas Genetica**
Stem Cell BioReactor Technology. Organ Regeneration. Invest Today.
www.TheStemCellGroup.com

Buy a link here

JPMorgan Chase employees in some cases didn't verify affidavits that identify the original mortgage-note holder and signed files reviewed by other employees, according to company spokesman Tom Kelly. He added that the affidavits' loan information is accurate and that the documents were prepared by "appropriate personnel."

The bank is the second in recent weeks to suspend foreclosures on some properties to review affadavits. Ally Bank subsidiary GMAC Mortgage is also halting some foreclosures after it was disclosed that affidavits were signed by people who didn't personally know if the information in the affidavits were true, and at times, didn't have the affadavits notarized.

Bloomberg News reported earlier this week that a JPMorgan Chase employee testified in a deposition that she was one of eight managers who combined to sign some 18,000 documents a month.

The JPMorgan review will take a few weeks, and the company has asked judges not to rule on homeowners until the review is complete, according to Kelly.

Tagged: ally bank, foreclosure, Foreclosures, GMAC, GMAC foreclosures, JPMorgan Chase, legal, real estate
Print
| Email

**Related Videos**


How to Buy a House in Foreclosure


Jack Bogle on Why Not to Invest Overseas


West Chelsea NY Real Estate Guide


Takes and Passes for Dividend Hunters

- Stay Connected
- / Tuesday, December 07, 2010



Search this website...

- Home
- Finance
- Business
- Real Estate
- Automotive
- Entertainment
- Banking
- Stocks
- Science

- About Us
- Contact Us
- Privacy Policy

# J.P. Morgan Chase to stop foreclosures

Searching for **jp morgan chase forclosure news**?

 **Foreclosure!**
Useful links for Foreclosure.

 **Foreclosure**
Find Info on Foreclosure!

Chitika | Premium

Wednesday, J.P. Morgan Chase, one of the nation's leading banks, announced that it will hit pause on foreclosures in approximately half the country due of faulty paperwork. Wall Street analysts said that the move will pressure the rest of the industry to follow suit.

The bank's verdict will affect 56,000 borrowers in 23 states where claims of forged documents and signatures and other similar problems are being used to try to overturn evictions. But the impact may be much broader, given J.P. Morgan's standing in the industry. The foreclosure process in many parts of the country will grind to a halt if other banks adopt the same approach.

Officials at Fitch Ratings, a credit-rating, said the "defects" seen in foreclosure documents at J.P. Morgan are industry-wide. Highlighting that concern, Fitch said it is considering whether to lower the grades it gives to the mortgage servicing divisions of the nation's largest lenders.

▷ **Dir, Manufactu...**
Job Title: Dir, Manufacturing Mgmt (Infusion Instruments) Job Famil...
CareFusion | San Diego, CA

▷ **Senior Product Engineer**
Parker's Composite Sealing Systems (CS...
Parker Hannifin | San Diego, CA

▷ **Early Childhood Education/Chi...**
Lead Teacher Lead Teachers must focus ...
Learning Care Group | Vista, CA

Sign In   Register Now   Subscribe   Mobile   Multimedia   Today's Paper                Going Out Guide   Jobs   Cars   Real Estate   Rentals   Classifieds

NEWS   LOCAL   POLITICS   OPINIONS   SPORTS   Business   Arts & Living

washingtonpost.com > Business > Political Economy

# Political Economy
Politics, politicians, big business and the economy



**MORE BUSINESS NEWS**

POSTBUSINESS
Your essential source for the latest news on the intersection of Wall Street and Washington.

**SEARCH THIS BLOG**



**RECENT POSTS**
- Report: Wall Street profits way down from last year's record
- Mortgage securitization industry defends itself
- Geithner says Congress must resolve tax issue by end of year
- Republicans: Fed should focus on fighting inflation, not on job creation
- Economic agenda: Tuesday, Nov. 16, 2010

**Entries By Category**
- *Data Digest
- *Diversions
- *Economic agenda
- *Econosphere
- *Morning briefing
- 2010 Elections
- Auto industry
- Budget and fiscal policy
- China
- Congress
- Consumer Financial Protection Bureau
- Corporate taxes
- Corporations
- Federal Deposit

## J.P. Morgan Chase, Bank of America, Citigroup, Wells Fargo face myriad of foreclosure lawsuits

*By Ariana Eunjung Cha*

JPMorgan Chase is facing two potential class-action lawsuits alleging fraud in foreclosures, the company said in a regulatory filing Tuesday.

The lawsuits, which were filed against Washington Mutual Bank and JPMorgan Chase & Co. in U.S. District Court for the Northern District of Illinois, and against Chase Home Finance in California state court, allege "common law fraud and misrepresentation, as well as violations of state consumer fraud statutes," JPMorgan said.

The bank said it also faces suits regarding mortgage-backed securities from Cambridge Place Investment Management, a hedge fund, and brokerage Charles Schwab.

J.P. Morgan's disclosure comes as three other major banks -- Bank of America, Citigroup and Wells Fargo -- said Friday that they could suffer rising legal costs because lawsuits about the foreclosure mess.

Bank of America it is dealing with lawsuits from investors who bought more than $375 billion mortgage-backed securities, alleging that the offerings contained "material misrepresentations and omissions."

Citigroup said the parties suing it for its underwriting process of residential mortgage-backed securities include investors Charles Schwab and the Federal Home Loan Banks of Chicago and Indianapolis. It said the lawsuits "are in their preliminary stages."

Wells Fargo said multiple class actions have been filed against it and other banks "challenging aspects of the foreclosure process." The San Francisco-based bank said it "cannot estimate the possible loss or range of loss" from those legal actions.

By Ariana Eunjung Cha  | November 9, 2010; 12:49 PM ET
Categories: Housing

Recommend :    9 people recommend this. Be the first of your friends.

Save & Share:
Previous: PNC: New foreclosures resuming with 'enhanced procedures'
Next: Economic agenda: Wednesday, Nov. 10, 2010



Helping set opportunity in motion for our customers, communities and economy.

Bank of America   LEARN MORE

**Sponsored Links**

Rich Dad Poor Dad San Diego
Rich Dad Poor Dad Education FREE financial workshops Dec. 14th - 16th
www.richdadeducationseminars.com

Penny Stock Soaring 3000%
Sign up for Free to find out what the next 3000% Stock Winner Is!
www.PennyStocksUniverse.com

Buy a link here

Network News                                MY PROFILE  X

Friends' Activity

WikiLeaks founder arrested
1,266 people shared this.

Obama, GOP reach deal to extend tax cuts
3,927 people shared this.

Michael Wilbon - For Michael Wilbon, a fond farewell to The Post
1,339 people shared this.

International test score data show U.S. firmly mid-pack
381 people shared this.

Elizabeth Edwards gravely ill with cancer
601 people shared this.

What's in a name? Man goes from Smith to Awesome
487 people shared this.

Princeton students nix alternative hummus brand
267 people shared this.

Facebook social plugin                  logged out view

# **PROOF OF SERVICE**
[F.R.C.P. Sec. II, Rule 4.1(a)]

UNITED STATES DISTRICT COURT       ) TORABI vs. WASHINGTON MUTUAL BANK, ET AL.
                                   )
                                   ) §§:  Case No: 09: CV 02838 JAH
                                   )
SOUTHERN DISTRICT OF CALIFORNIA )

   I am employed in the City of Carlsbad, County of San Diego, State of California. I am over the age of 18 years and not a party to the within mentioned action. My business address is 2725 Jefferson St., Carlsbad, California 92008.
On **December 6, 2010** I caused the document(s) named below to be served on the interested parties in this action as follows:

PATRICK A CATHCART , ESQ.
ADORNO, YOSS, ALVARADO & SMITH PC
633 W Fifth Street ,Suite 1100
Los Angeles, CA 90071
Fax: (213)229-2499


**DOCUMENTS SERVED:**          REPLY MEMORANDUM TO DEFENDANTS MOTION TO DISMISS CASE UNDER F.R.C.P. 12(b)(6)

[ X ]   **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oceanside, California. I am readily familiar with the correspondence for mailing, said practice being that in the ordinary course of business, mail is to be deposited in the United States Postal Service the same day as it is placed for collection.

[ ]   **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee(s)

[ ]   **(BY SUBSTITUTED SERVICE ON NATURAL PERSON, MINOR, CONSERVATEE, OR CANDIDATE)**
By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household apparently in charge of the home, office, or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid), copies to the person served at the place where the copies were left.

[ ]   **(BY FACSIMILE)** I caused to be transmitted the document(s) described herein at approximately 3:00 p.m. via the Facsimile number(s) listed above. A copy of the transmission report(s) are attached hereto.


   I hereby declare under penalty of perjury, under the laws of the State of California that the above is true and correct.


Executed on:    December 6, 2010

_____
LAURA S. SHON