1  THEODORE E. BACON (CA Bar No. 115395)
   tbacon@alvaradosmith.com
2  SCOTT J. STILMAN (CA Bar No. 120239)
   sstilman@alvaradosmith.com
3  ALVARADOSMITH
   A Professional Corporation
4  633 W. Fifth Street, Suite 1100
   Los Angeles, CA 90071
5  Tel.:   (213) 229-2400
   Fax.:   (213) 229-2499
6
7  Attorneys for Defendant,
   JPMORGAN CHASE BANK, N.A., FOR ITSELF
   AND AS AN ACQUIRER OF CERTAIN ASSETS
8  AND LIABILITIES OF WASHINGTON
   MUTUAL BANK FROM THE FEDERAL
9  DEPOSIT INSURANCE CORPORATION
   ACTING AS RECEIVER

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEPEHR TORABI, | Case No. 09-CV-02838-JAH-BLM |
| Plaintiff, | Hon. John A. Houston |
| v. | **REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6)** |
| WASHINGTON MUTUAL BANK, CHASE BANK NA; CITIBANK NA as trustee for WAMU 2004-AR9, WAMU 2004, DOES 1-25 | |
| Defendants. | PER ORDER OF THE COURT, THE MATTER WILL BE TAKEN UNDER SUBMISSION WITHOUT ORAL ARGUMENT |
| | **Action Filed:** December 17, 2009 |

1  Defendant JPMorgan Chase Bank, N.A., for itself and as an acquirer of certain assets and
2  liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as
3  Receiver, erroneously sued herein as "CHASE BANK, NA" ("JPMorgan" or "Defendant") submits
4  the following Reply to the Opposition to JPMorgan's Motion to dismiss the complaint ("Complaint")
5  of plaintiff Sepehr Torabi ("Plaintiff").

6  I.  **SUMMARY OF ARGUMENT**

7  The facts are indisputable in Plaintiff's Complaint that, in or around May 2004, Plaintiff
8  obtained a loan in the sum of $375,000 from WaMu ("Subject Loan"). Complaint, ¶ 23. The Loan
9  was secured by a deed of trust encumbering the real property located at 3253 Caminito East Bluff,
10 #26, La Jolla, California ("Subject Property"). Complaint ¶ 27.[1] JPMorgan acquired certain assets
11 and liabilities of Washington Mutual Bank under the Purchase and Assumption Agreement ("P&A
12 Agreement") between the FDIC and JPMorgan dated September 25, 2008. *See* Request for Judicial
13 Notice ("RJN") in support of Defendant's Motion to Dismiss, Exhibit 2. In August of 2008, Plaintiff
14 defaulted on the Loan and as of May 2009 was approximately $12,000 in arrears. Complaint, ¶¶ 31-
15 33. Thereafter, the non-judicial foreclosure proceedings began in relation to the Subject Property.
16 Complaint, ¶ 33. Finally, on or about July 23, 2009, the Subject Property was allegedly sold at
17 foreclosure sale to JPMorgan. Complaint, ¶ 62.

18 Plaintiff filed this action on December 17, 2009 alleging fourteen (14) claims against
19 JPMorgan in an effort to delay his eviction and continue to live in the Subject Property rent free.
20 However, because all fourteen claims are based on either purported violations surrounding the loan
21 origination by Washington Mutual Bank, or an alleged oral promise to suspend the foreclosure sale
22 pending Plaintiff's loan modification review (*See* Complaint; Opposition), the entire Complaint
23 should be dismissed without leave to amend. Plaintiff's origination claims fail because JPMorgan is

---

[1] Defendant referenced the incorrect property in its Memorandum of Points and Authorities (MPA) to its Motion to Dismiss at page 2, paragraphs 14-16. The Subject Property relevant to this action was correctly referenced in Defendant's MPA at page 1, paragraph 11. *See* MPA. Admittedly, Defendant also mistakenly referenced Antonio Acevedo as the Plaintiff to this action. The sole plaintiff in this action is Sepehr Torabi. Defendant's reference to any other plaintiff, within Defendant's moving papers concerning the Subject Property at 32563 Caminito Eastbluff #26, La Jolla, California 92037 was an error on Defendant's part.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1  not liable for Washington Mutual borrower claims, as set for below and in the moving papers. And,
2  the purported oral promise to stay the foreclosure proceeding is unenforceable as it concerns real
3  property, thus, subject to the state of frauds.
4        Accordingly, just as Plaintiff failed to state a claim in his Complaint, his Opposition fails to
5  cure the Complaint's defects. Instead, Plaintiff dedicates three pages of his Opposition to a discussion
6  of a motion to dismiss standard pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b) (6). *See*
7  Opposition ("Opp."), 6-9. However, the standard of review for a FRCP 12(b) (6) motion is not in
8  dispute. Plaintiff's pleading can survive against JPMorgan's Motion to dismiss if, in his complaint,
9  Plaintiff alleges factual allegations "that raise a right to relief above the speculative level on the
10 assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S.
11 544, 545 (2007) (emphasis added); Motion to dismiss, 3:7-8. However, Plaintiff's allegations simply
12 cannot state a claim without resorting to speculation as his claims are speculative and conclusory in
13 nature. And, Plaintiff completely fails to address the deficiencies in ten (10) claims alleged in his
14 Complaint. *See* Opposition. Thus, Plaintiff's failure to offer any substantive opposition for those
15 claims is an effective admission that his claims fail. Plaintiff fails to include any opposition for the
16 following: 1) Set Aside Trustee's Sale; 2) Unjust Enrichment; 3) Promissory Estoppel; 4)
17 Accounting; 5) Violation of Consumer Legal Remedies Act; 6) Disgorgement under Cal. Business &
18 Professions Code §§ 17200 et seq.; 7) First claim for Violation of Unfair Business Practices Act; 8)
19 Second for Violation of Unfair Business Practices Act; 9) Negligence; and 10) Injunctive Relief.
20       Accordingly, JPMorgan respectfully requests that the Court grant its Motion to dismiss without
21 leave to amend as to all fourteen (14) claims alleged in Plaintiff's Complaint.
22 II.  **JPMORGAN DID NOT ASSUME ANY LIABILITIES ARISING FROM CLAIMS BY**
23     **BORROWERS OF WASHINGTON MUTUAL BANK**
24       In challenging Defendant's Motion to dismiss and alleging liability against JPMorgan, Plaintiff
25 ignores Defendant's arguments that JPMorgan did not assume Washington Mutual Bank's liabilities
26 prior to September 25, 2008, and therefore is not liable for a portion of Plaintiff's claims. Opp., 2: 21-
27 27; 4; 24-28; 5: 1-9. Plaintiff's Opposition fails to overcome the deficiencies of the Complaint because
28 nothing in the Opposition elucidates how JPMorgan could be liable for WaMu conduct prior to

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

September 25, 2008.  *See* Opposition.  As set forth in JPMorgan's moving papers, JPMorgan did not acquire WaMu liabilities prior to September 25, 2008.  *See* Motion to dismiss, Section IV; RJN, Exhibits 1-2.  Accordingly, Plaintiff's claims arising out of his capacity as a borrower of Washington Mutual cannot be maintained against JPMorgan.  *Id.*  Thus Plaintiff's claims, regarding actions prior to September 25, 2008 (*i.e.,* Plaintiff's first, second, and third claims), all of which arise out of his status as a pre-receivership borrower of Washington Mutual Bank, cannot be maintained against JPMorgan.  Because of this fact, and as set forth below, the lack of any viable claim for post-receivership actions of JPMorgan, Plaintiff's entire Complaint should be dismissed without leave to amend.

III.  **PLAINTIFF'S REQUEST FOR JUDICIAL SHOULD BE DENIED**

Plaintiff's request for judicial notice is inappropriate and should be denied.  Opp., 5: 22-25.  Courts may take judicial notice of a fact outside of the complaint "not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Federal Rule of Evidence ("FRE") 201 (b) (2), (d); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003).  Courts may also take judicial notice of facts "generally known within the territorial jurisdiction of the trial court[.]"  FRE 201(b)(1).  Finally, courts may only take judicial notice of adjudicative facts.  FRE 201 (a).

Here, Plaintiff asks this court to judicially notice "Articles from (*sic*) Washington Post Dated November 9, 2010; Chicago Business Wire December 3, 2010" for the truth of the matter asserted in said articles.  *See* Opp., 5: 23-25.  Plaintiff purports to show Defendant's alleged "negligence and fraud" concerning the Subject Property through the articles, which include declarations of an "industry analyst" about alleged "industry-wide" practices within the mortgage industry.  *See* Opp., 5: 21-22.

Thus, the facts which Plaintiff asks this court to judicially notice are not merely adjudicative facts, but facts that go to the heart of the dispute regarding the purported wrongdoing by JPMorgan.  Accordingly, Plaintiff's request for judicial notice should be denied.

IV.  **PLAINTIFF'S CLAIM FOR VIOLATION OF THE TRUTH IN LENDING ACT ("TILA") FAILS AS A MATTER OF LAW**

Plaintiff does not dispute the one year statute of limitation for alleged TILA violations at the time of the Subject Loan origination has expired.  *See* Opp., 9: 17-25.  Instead Plaintiff suggests that

1 Defendant violated TILA by "more recent actions conducted directly under Defendant's watch and at
2 a time subsequent to their assumption of control of plaintiff's mortgage." Opp., 9: 17-19. This
3 allegation is nonsensical as relates to any purported failure to provide adequate disclosures at the time
4 of the loan origination, as mandated by TILA. 15 U.S.C. §§ 1601 et seq. As Plaintiff alleges, the loan
5 origination occurred in May 2004 and the loan originator was Washington Mutual Bank. Complaint,
6 ¶ 23. Accordingly, the alleged non-disclosure could only have occurred in May 2004 and not after
7 September 25, 2008, when JPMorgan acquired the interest in the Subject Loan pursuant to the
8 Purchase and Assumption Agreement. *See* RJN, Exhibit 2. Thus, as a matter of law JPMorgan cannot
9 be liable for the purported violation, and therefore even if this court granted equitable tolling of the
10 expired statute of limitation, as Plaintiff requests, Plaintiff's claim cannot lie against JPMorgan.

11 Finally, Plaintiff fails to cure his defective claim for rescission under TILA. As set out in the
12 moving papers, rescission claims under TILA, 15 U.S.C. § 1635(f) the "right of rescission shall expire
13 in the usual case three years after the loan closes or upon the sale of the secured property, whichever
14 date is earlier. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411 (1998). Thus, equitable tolling does not
15 apply to rescission under this provision of TILA, because §1635(f) completely extinguishes the right
16 of rescission at the end of the 3-year period. *See Beach,* 523 U.S. at 412.

17 Thus, Plaintiff's rescission claim expired in 2007, since the loan closed in May 2004.
18 Complaint, ¶ 23. Plaintiff filed suit in December 2009, over five years after the Subject Loan closed,
19 thus, the statute of limitations bars Plaintiff's' claim for either damages or rescission for alleged TILA
20 violations. Because Plaintiff cannot amend this fatal flaw to his claim, the claim should be dismissed
21 without leave to amend.

22 V. **THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") CLAIM FAILS AS A**
23 **MATTER OF LAW**

24 "Foreclosing on a trust deed is distinct from the collection of the obligation to pay money."
25 *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002). Thus, foreclosing on real
26 property pursuant to a deed of trust "do[es] not fall within the terms of the FDCPA." *See id.;* 15
27 U.S.C. § 1692a(6). The FDCPA prohibits debt collectors from engaging in unfair or deceptive acts or
28 practices in the collection of consumer debts. 15 U.S.C. § 1692(e). Thus, as set out in JPMorgan's

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

4
REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT         Case No. 09-CV-02838-JAH-BLM
2069464.2

1  moving papers, foreclosure, is not considered "debt collection," because payment of funds is not the

2  object of the foreclosure action.  *Hulse*, 195 F. Supp. 2d at 1204.  Finally, Plaintiff's attempt to

3  characterize the foreclosure process as falling within the parameters of the FDCPA (Opp. 9: 13-16)

4  fails to offer any legal authority.  *See id.*

5  Accordingly, Plaintiff's claim should be dismissed without leave to amend.

6  VI.  **PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE REAL ESTATE**

7  **SETTLEMENT PROCEDURES ACT**

8  Plaintiff agrees that his RESPA claims are subject to the one year statute of limitations (Opp.,

9  9: 26-27), which expired three years from the May 2004 consummation of the subject loan.  *See*

10  Complaint, ¶ 23; Motion to dismiss, 7: 10-13.  Additionally, Plaintiff's request for equitable tolling of

11  the statute of limitations should be disregarded because Plaintiff has failed to set forth <u>any</u> factual

12  allegations sufficient to grant him such consideration from the court.  *See King v. California*, 784 F.2d

13  910, 914 (9th Cir. 1986); Complaint, ¶ 82; Opposition.  This is true because JPMorgan cannot be

14  liable for any alleged wrongdoing at the time of the loan origination.  *See,* RJN, Exhibits 1-2.

15  Also, alleging a breach of RESPA duties alone does not state a claim under RESPA.

16  *Hutchinson v. Delaware Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006).  Plaintiffs must, at a

17  minimum, also allege that the breach resulted in actual damages.  *Id*.; *See* 12 U.S.C. § 2605(f)(1)(A)

18  ("Whoever fails to comply with this section shall be liable to the borrower ... [for] any actual damages

19  to the borrower as a result of the failure.").

20  Here, conspicuously absent from the Complaint is any allegation that the alleged RESPA

21  violation caused any pecuniary loss to Plaintiff.  *See* Complaint, ¶ 82.  Plaintiff's bare bone allegations

22  are simply insufficient to state a claim.  *Id*.  And Plaintiff's Opposition does not cure this defect.

23  Opp., 9: 26-28; 10: 1-12.  Instead, Plaintiff further undermines his cause by adding the conclusory

24  allegation that Defendant's "own recent admissions" should grant him relief.  Opp., 10: 6.  Defendant

25  cannot surmise what the purported "admissions" Plaintiff is alluding to.

26  Based on the foregoing, Plaintiff's claim fails and is subject to dismissal without leave to

27  amend.

28  ///

VII. **PLAINTIFF DOES NOT STATE SUFFICIENT FACTS TO STATE A CLAIM FOR DECLARATORY RELIEF**

As set forth in JPMorgan's Motion to dismiss, in his Complaint, Plaintiff alleges past claims, which cannot be the basis of his thirteenth claim for declaratory relief. Specifically, Plaintiff seeks a declaration to set aside the trustee's sale. *See* Complaint, ¶¶ 84-87; 134-138 (claims to Set Aside Trustee's Sale and Declaratory Relief).

Furthermore, Plaintiff's declaratory relief claim is duplicative of the claims Plaintiff has alleged throughout the Complaint; namely the purported violations surrounding the loan origination by Washington Mutual Bank, and Plaintiff's claim to set aside the Trustee's Sale based on the purported oral promise that foreclosure proceedings would be stayed. *See* Complaint. The availability of another form of relief will usually justify the refusal to grant declaratory relief. *See Gen. Am. Ins. Co. v. Lilly,* 258 Cal.App.2d 465, 471 (1968). Thus, a declaratory relief action will not lie to determine issues raised in other claims before the court. *Cal. Ins. Guarantee Ass'n. v. Super. Ct.,* 231 Cal.App.3d 1617, 1623-1624 (1991). "The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." *Gen. Am. Ins. Co. v. Lilly,* 258 Cal.App.2d 465, 471 (1968). Thus, if the factual and legal underpinnings of the declaratory relief action involve the same issues as the main claims, the issues can be decided for all purposes in the main claims before the court. *See id.* at 470-471.

Such is the case here as Plaintiff simply re-alleges the purported violations surrounding the loan origination by Washington Mutual Bank, and the alleged oral promise to suspend the foreclosure sale pending Plaintiff's loan modification review. *See* Complaint.

A. **Plaintiff Fails to Allege an Enforceable Contract to Postpone the Trustee's Sale**

Plaintiff fails to substantiate his bare allegation that an oral agreement was in effect between the parties to postpone the trustee's sale of the Subject Property while Plaintiff's loan modification review was pending. *See* Complaint. This purported agreement is the sole basis of Plaintiff's non-origination claims, which include all of Plaintiff's state claims (or all claims except claims one, two and three). Additionally, because the Subject Property Deed of Trust concerns real property, it is subject to the statute of frauds. Thus, any modifications must be in writing.

In *Karlsen v. American Sav. & Loan Assn.,* 15 Cal.App.3d. 112, 121 (1971), the Court ruled that a "contract in writing may not be altered by an executed oral agreement. *Id.*; (citing Civ. Code § 1698). In relevant part,

> "An agreement to postpone a valid sale of property beyond the date when said property may be sold under and according to the terms of the trust deed obviously is an agreement to alter the terms of the instrument . . . To hold otherwise would reduce a trust deed in any case to an unsubstantial if not worthless security." *Karlsen,* 15 Cal.App., at 121 (citations omitted).

Specifically, in *Karlsen*, the Court rejected the borrower's claim that there was an oral agreement to postpone the trustee's sale. *Id.* Similarly, here, Plaintiff's argument should be rejected, as any oral agreement to postpone the trustee's sale would be unenforceable.

Given Plaintiff's Complaint falls short of the necessary allegations to entitle Plaintiff, as a matter of right, to maintain an action for declaratory relief, the Motion to dismiss this claim should be granted without leave to amend. Similarly, Plaintiff's remaining ten (10) claims should be dismissed without leave to amend for Plaintiff's failure to oppose Defendant's Motion to dismiss regarding same, and for the reasons set forth below.

## VIII. **PLAINTIFF FAILS TO STATE A CLAIM TO SET ASIDE THE TRUSTEE'S SALE UNDER CALIFORNIA CIVIL CODE SECTION 3412**

Plaintiff fails to oppose his fourth claim to Set Aside the Trustee's Sale and, for this reason alone this court should dismiss this claim without leave to amend. Furthermore, as set out in the moving papers, Plaintiff has failed to tender the amounts owing under the Subject Loan in the face of his admitted default. *See* Complaint, ¶¶ 31; 84-87.

Therefore, because Plaintiff alleges no facts demonstrating that Plaintiff has the present ability to unconditionally tender the entire amount of indebtedness outstanding, the Motion to dismiss must be granted without leave to amend.

## IX. **PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT**

Plaintiff fails to oppose JPMorgan's Motion to dismiss the fifth claim for Unjust Enrichment. *See* Opposition. Thus, as set out in the moving papers, this claim should be dismissed without leave to amend.

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

X.  **PLAINTIFF FAILS TO STATE A CLAIM FOR PROMISSORY ESTOPPEL**

Plaintiff fails to oppose JPMorgan's Motion to dismiss the sixth claim for Promissory Estoppel.  *See* Opposition.

The doctrine of promissory estoppel is inapplicable where no clear promise is made.  *See, Div. of Labor Law Enforcement v. Transpacific Transp. Co*. 69 Cal. App. 3d 268, 275 (1977).  Here, Plaintiff admits that the alleged promise was "ambiguous" (Opp., ¶ 43), and that Plaintiff required additional information before accepting the terms of the alleged loan modification because Plaintiff had numerous "concerns" regarding the "loan modification documents."  Opp., ¶ 55.  Thus, as no clear promise was made, Plaintiff was not in a position to accept the terms of the alleged promise.  Plaintiff essentially concedes this point, as stated in the aforementioned allegations.

Additionally, "[t]he party claiming estoppel must <u>specifically plead</u> all facts relied on to establish its elements."  (emphasis added).  *Smith v. City & County of San Francisco*, 225 Cal.App.3d 38, 48 (1990).  Here, as set out in the moving papers, Plaintiff has failed to meet the requirements of the claim.  *See* Opp., ¶¶ 91-94.  Accordingly, the claim should be dismissed without leave to amend.

XI.  **PLAINTIFF FAILS TO STATE A CLAIM FOR ACCOUNTING**

Plaintiff fails to oppose JPMorgan's Motion to dismiss the seventh claim for Accounting.  *See* Opp.  Thus, as set out in the moving papers, this claim should be dismissed without leave to amend.

XII.  **PLAINTIFF FAILS TO STATE A VIOLATION OF THE CLRA**

Plaintiff fails to oppose JPMorgan's Motion to dismiss the eighth claim for Violation of the California Consumer Legal Remedies Act ("CRLA").  *See* Opposition.  Thus, for the reasons set out in the moving papers, this claim should be dismissed without leave to amend.

XIII.  **PLAINTIFF FAILS TO STATE A CAUSE FOR VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200 et seq.**

Plaintiff fails to oppose JPMorgan's Motion to dismiss claims nine, ten and eleven for alleged Violations of California Business and Professions Code Section 17200 et seq.  *See* Opposition.  Thus, for this reason alone, these claims should be dismissed without leave to amend.

In his ninth claim, Plaintiff alleges the alleged wrongful conduct mandates "full disgorgement of monies and profits . . . " against "Defendants WAMU and CHASE."  Complaint, ¶ 111.  Plaintiff,

1  however, fails to identify any unlawful, unfair or fraudulent business practice by JPMorgan to support

2  such an allegation.  Complaint, ¶¶ 107-111.  Instead, Plaintiff's allegations are merely conclusory and

3  fail to state a claim.  *Id.*

4  Accordingly, the ninth claim, along with claims ten and eleven, should be dismissed for the

5  reasons set out in the moving papers and for Plaintiff's failure to oppose Defendant's motion.

6  **A.** **Plaintiff Lacks Standing to Assert a Claim Under Section 17200**

7  Plaintiff lacks standing to allege a violation of Section 17200.  Plaintiff alleges that

8  Defendant's conduct was "unlawful, unfair, immoral, [and] unethical."  Complaint, ¶ 110.  However,

9  Plaintiff does not allege sufficient facts to prove he suffered an injury in fact, or even that he lost any

10  money or property <u>as a result</u> of the purported "unlawful, unfair and fraudulent" conduct.  Complaint,

11  ¶¶ 107-126.  None of the purported misdeeds that are set forth in the Complaint demonstrate that

12  Plaintiff suffered a monetary or property loss as a result of any unfair competition.  *Id.*  The facts

13  alleged are that Plaintiff was in default and did not cure it prior to foreclosure, and as such, Plaintiff

14  has no standing to assert this claim.

15  **B.** **Plaintiff Fails to State Facts Constituting Unfair Business Practices**

16  Plaintiff's tenth claim alleges unfair business practices under California Business and

17  Professions Code § 17200, et seq. ("UCL").  As set out in the moving papers, in order to hold

18  Defendant liable for such violations, Plaintiff must allege that Defendant participated in these practices.

19  *See Emry v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002) ("A defendant's liability must be

20  based on his personal participation in the unlawful practices and unbridled control over the practices

21  that are found to violate section 17200[.]") (internal citations omitted).

22  Furthermore, in order to allege an unlawful business practice under the UCL, the plaintiff must

23  allege facts to demonstrate that the practice violates an underlying law.  *See People v. McKale*, 25

24  Cal.3d 626, 635 (1979).  These facts must be alleged with reasonable particularity.  *Khoury v. Maly's*

25  *of California*, 14 Cal.App.4th 612, 619 (1993).

26  Here, Plaintiff's UCL claims are wholly inadequate.  Plaintiff simply alleges that "CHASE"

27  "misrepresent[ed] to consumers including Plaintiff, that the foreclosure of their home(s) had been

28  ///

1 stayed[.]" Complaint, ¶ 123. However, these conclusory allegations cannot form the basis for

2 violations of an underlying law. Indeed, Plaintiff fails to allege any cognizable claim whatsoever. *Id.*

3 Consequently, Plaintiff's allegations are insufficient to state a claim against JPMorgan.

### C. Plaintiff Has Not Alleged a Basis for a Fraud Claim

5 Plaintiff fails to oppose the Motion to dismiss the eleventh claim for Violation of Unfair

6 Business Practice. *See* Opposition. Thus, this claim should be dismissed without leave to amend.

### XIV. PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE

8 Plaintiff fails to oppose JPMorgan's Motion to dismiss the twelfth claim for Negligence. *See*

9 Opposition. Thus, this claim should be dismissed without leave to amend.

### XV. PLAINTIFF FAILS TO STATE A CLAIM FOR INJUNCTIVE RELIEF

11 An injunction can only be issued when the standards of section 526 of the *Code of Civil*

12 *Procedure* are met. When deciding whether to issue a preliminary injunction, a trial court must

13 evaluate two interrelated factors: (1) The likelihood that Plaintiff will prevail on the merits at trial;

14 and (2) the interim harm that Plaintiff is likely to sustain if the injunction were denied, as compared to

15 the harm that the defendant is likely to suffer if the preliminary injunction were issued. *Langford v.*

16 *Super. Ct.*, 43 Cal. 3d 21, 28 (1987).

17 Here, again, since none of the prior claims are well plead, there is no likelihood Plaintiff will

18 prevail on the merits of his claim. And there is nothing to enjoin, the Subject Property has already

19 been sold through foreclosure. Thus, the claim for injunctive relief is subject to dismissal.

### XVI. CONCLUSION

21 For the foregoing reasons, JPMorgan respectfully requests that the Court dismiss the

22 Complaint without leave to amend in its entirety.

23

24 DATED: December 20, 2010            ALVARADOSMITH
                                      A Professional Corporation
25

26                                    By:   /s/ Theodore E. Bacon
                                          THEODORE E. BACON
27                                        SCOTT J. STILMAN
                                          Attorneys for Defendant
28                                        JPMORGAN CHASE BANK, N.A.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is ALVARADOSMITH, APC, 633 W. Fifth Street, Suite 1100, Los Angeles, CA 90071.

On **December 20, 2010**, I served the foregoing document(s) described as: **REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6)** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

> Sepehr Torabi, *Pro Se*
> 3253 Caminito East Bluff #26
> La Jolla, CA 92037
> Tel. (858) 518-1515

☐ **BY ELECTRONIC SERVICE:** Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an email notification of the filing to the parties and counsel of record listed above who registered with the Court's CM/ECF system.

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☒ **BY REGULAR MAIL:** I placed such envelope with postage thereon fully paid in the United States mail at Los Angeles, California. I am "readily familiar" with this firm's practice of collecting and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on **December 20, 2010**, at Los Angeles, California.

JOAN MACNEIL

---

CERTIFICATE OF SERVICE

2069464.2