UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEPEHR TORABI,<br><br>          Plaintiff,<br>v.<br><br>WASHINGTON MUTUAL BANK;<br>CHASE BANK, NA; CITIBANK NA as<br>trustee for WAMU 2004-AR9, WAMU<br>2004-AR9; and DOES 1 to 25;<br><br>          Defendants. | Civil No. 3:09-cv-2838-JAH (BLM)<br><br>**ORDER GRANTING DEFENDANT CHASE BANK'S MOTIONS TO STRIKE AND TO DISMISS**<br><br>**[DKT NOS. 23, 24]** |

      On December 17, 2009, plaintiff Sepehr Torabi ("Plaintiff") filed a complaint against defendants Washington Mutual Bank ("Washington Mutual"); JPMorgan Chase Bank, N.A. (erroneously sued as Chase Bank, N.A. and hereinafter referred to as "Chase Bank"); Citibank, N.A. as trustee for WAMU 2004-AR9; and WAMU 2004-AR9.[1] (Dkt. No. 1.) Plaintiff alleged the following causes of action in his initial complaint: (1) violations of the Truth in Lending Act, (2) violations of the Federal Fair Debt Collection Practices Act, (3) violations of the Real Estate Settlement Procedures Act, (4) to set aside and vacate a trustee sale, (5) unjust enrichment, (6) promissory estoppel, (7) an accounting, (8) breach of implied warranties in violation of the California Consumers Legal Remedies Act, (9) disgorgement pursuant to the California Unfair Competition Law,

---

[1] The factual background of this foreclosure case may be found in this Court's Amended Order Granting Defendant Chase Bank's Motion to Dismiss, (Dkt. No. 20).

(10) fraud in violation of the California Unfair Competition Law, (11) an additional claim of fraud in violation of the California Unfair Competition Law, (12) negligence, and (13) declaratory relief.  (Id.)

On October 11, 2011, this Court granted Chase Bank's Motion to Dismiss Plaintiff's initial complaint, (Dkt. No. 20), and granted Plaintiff's request for leave to file an amended complaint, which Plaintiff did on November 16, 2011, (Dkt. No. 21). Plaintiff's First Amended Complaint ("FAC") alleges the following causes of action against Washington Mutual and Chase Bank: (1) to set aside and vacate trustee sale under California Civil Code section 3412, (2) no contract, (3) promissory estoppel, and (4) quiet title.

On December 5, 2011, Chase Bank filed a motion to strike the second and fourth causes of action in Plaintiff's FAC, (Dkt. No. 23), along with a motion to dismiss Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6), (Dkt. No. 24). This Court set January 30, 2012, to hear Chase Bank's motions to strike and dismiss. To date, the Court has received no response to Chase Bank's motions to strike and dismiss from Plaintiff.  Chase Bank filed a Notice of Non-opposition on January 23, 2012.  (Dkt. No. 26.)  Accordingly, the Court **GRANTS** Chase Bank's motions to strike and to dismiss as unopposed.

The Ninth Circuit has held that a district court may properly grant a motion as unopposed pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond.  See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to timely file opposition to papers). Civil Local Rule 7.1.f.3.c expressly provides that "[i]f an opposing party fails to file the papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of that motion or other request for ruling by the court."

Prior to granting an unopposed motion for dismissal, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); Hernandez v. El Monte, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

First, because Chase Bank's motions were set to be heard on January 30, 2012, Plaintiff's oppositions to those motions were due on January 13, 2012, because January 16, 2012, was a legal holiday. See CivLR 7.1.e.2; Fed. R. Civ. Proc. 6.

With regard to the Ghazali factors, the Court will address only the second, third, and fifth factors, as the first and fourth factors cut in opposite directions. The Court finds the second factor weighs in favor of dismissal, as the date set to hear Chase Bank's motions is less than a week away, and the Court has received no response to Chase Bank's motions. In addition to vacating the hearing date, then, the Court finds it appropriate to grant Chase Bank's motions rather than allow them to remain unopposed on the Docket for an indefinite period of time. The Court finds that granting Chase Bank's motions will not prejudice Chase Bank, as this Order provides the relief Chase Bank seeks in its motions to strike and to dismiss. Lastly, with respect to whether less drastic measures have been considered, the Court will dismiss Plaintiff's FAC without prejudice. Thus, this Court finds the factors weigh in favor of granting Chase Bank's unopposed motions to strike and dismiss. Accordingly, **IT IS HEREBY ORDERED** that Chase Bank's Motion to Strike, (Dkt. No. 23), and Motion to Dismiss, (Dkt. No. 24), are **GRANTED**; the date said to hear said motions, January 30, 2012, is **VACATED**; and this case is **DISMISSED** without prejudice.

Dated: January 25, 2012

JOHN A. HOUSTON
United States District Judge